# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PHILLIP A. CRAY,

       Appellant,

     v.

DEPARTMENT OF VETERANS
AFFAIRS,

DOCKET NUMBER
DA-0714-19-0257-I-1

DATE: March 12, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Nicole Taylor, Esquire, Dallas, Texas, for the appellant.

Sean A. Safdi and Daniel Morvant, Denver, Colorado, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal under 38 U.S.C. § 714. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant was a GS-06 Health Technician in the Podiatry Section of the Surgical Service in the agency's Dallas Veterans Administration Medical Center. Initial Appeal File (IAF), Tab 8 at 260. On March 15, 2019, the agency proposed the appellant's removal under 38 U.S.C. § 714 based on three charges: (1) Inappropriate Acceptance of Gifts (one specification); (2) Failure to Follow Policy (eight specifications); and (3) Inappropriate Conduct (one specification).[2] *Id.* at 67-71. The first charge pertained to a November 27, 2017 technical education forum that the appellant attended and for which the vendor presenting the forum paid the appellant's lodging and transportation expenses. *Id.* at 67. Six specifications of Charge 2 pertained to allegedly unauthorized overtime that the appellant incurred during May and June of 2018, and Specifications 7 and 8 pertained to alleged violations of the agency's privacy policy and ethics code, respectively. *Id.* at 67-68. Charge 3 pertained to patient care that the appellant provided in one particular instance. *Id.* at 79. After the appellant responded, on April 1, 2019, the deciding official issued a decision sustaining Charges 1 and 2 only and removing the appellant effective April 7, 2019. *Id.* at 17-21, 23.

The appellant filed a Board appeal, contesting the merits of his removal and raising affirmative defenses of retaliation for equal employment opportunity activity, violation of due process, and harmful procedural error. IAF, Tab 1, Tab 20 at 3-4, Tab 33, Initial Decision (ID) at 11 n.5. After a hearing, the administrative judge issued an initial decision affirming the appellant's removal. ID. She sustained Charge 1, pertaining to inappropriate acceptance of gifts, and the six specifications of Charge 2 pertaining to unauthorized overtime. ID at 2-11. The administrative judge found that the appellant failed to prove his affirmative defenses. ID at 11-18.

---

[2] The agency previously issued an identical proposal on November 29, 2018, but rescinded it in order to allow the appellant to grieve a performance appraisal. IAF, Tab 8 at 8, 26.

The appellant has filed a petition for review, arguing that the administrative judge erred in sustaining the charges.[3] Petition for Review (PFR) File, Tab 1 at 1-2. He has attached documentation in support. *Id.* at 3-10. The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly determined that the agency proved its charge by substantial evidence.</u>

In an appeal of an adverse action taken under 38 U.S.C. § 714(a), the agency bears the burden of proving its charges by substantial evidence. 38 U.S.C. § 714(d)(2)(a). At this stage of the appeal, only Charge 1 and Charge 2, Specifications 1-6 are still in contention.

Under Charge 1, Inappropriate Acceptance of Gifts, the agency alleged that the appellant accepted an unauthorized gift from the Musculoskeletal Transplant Foundation (MTF), an approved agency vendor, in violation of 5 C.F.R. § 2635, subpart B, when MTF expensed $848.71 to cover the cost of the appellant's airfare, lodging, and transportation to attend a technical education forum. IAF, Tab 8 at 67. The administrative judge found that MTF was a "prohibited source" within the meaning of 5 C.F.R. § 2635.203(d) and that the appellant accepted a gift, in the form of travel and lodging, from that prohibited source. ID at 4-5. Although these facts are essentially undisputed, the administrative judge considered the appellant's argument that his supervisor authorized him to attend the MTF forum and was aware that MTF covered the travel costs for attendance. ID at 5. However, considering the record as a whole, and applying the factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), she credited the supervisor's testimony that the appellant did not ask for her

---

[3] The appellant does not contest the administrative judge's findings on the affirmative defenses he raised below—allegations of reprisal for equal employment opportunity activity, harmful error pertaining to a collective bargaining agreement provision, and a due process violation. We therefore decline to revisit these findings, which appear correct on their face. ID at 11-18; *see* 5 C.F.R. § 1201.115 ("The Board normally will consider only issues raised in a timely filed petition or cross petition for review.").

permission to attend the event, she never authorized the appellant to accept payment of travel and lodging expenses from MTF, and she did not learn of his attendance until after the fact. ID at 5-7.

On petition for review, the appellant argues that the administrative judge failed to consider evidence documenting that his supervisor knew that he attended the MTF technical education forum. PFR File, Tab 1 at 1. In support of his argument, he cites to an excerpt from his fiscal year 2017 performance evaluation as well as a performance self-assessment and request for quality step increase. *Id.* at 1, 6-7. However, our review of these documents reveals no mention of the November 2017 MTF forum. Although these documents tend to show that the appellant's supervisor was aware that he had attended multiple educational conferences in the past year, mention of the MTF forum in particular is conspicuously absent. *Id.* at 6-7. There is no basis to conclude from these documents that the appellant's supervisor was aware that he attended the MTF forum, much less that she authorized him to accept reimbursement from MTF for travel and lodging.[4] For the reasons explained in the initial decision, we agree with the administrative judge that the agency proved Charge 1 by substantial evidence. ID at 4-7.

Under Charge 2, Failure to Follow Policy, Specifications 1-6, the agency alleged that the appellant violated Veterans Administration North Texas Healthcare System (VANTHCS) Memorandum No. 05-04 by performing overtime work that had not been approved in advance. IAF, Tab 8 at 68-69. Specifically, the agency alleged that the appellant worked unauthorized overtime as a sitter in the hospital's Nursing Service on six separate dates in May and June 2018, for a total of 36 hours. *Id.* In her initial decision, the administrative judge found that

---

[4] Even if the appellant's supervisor did purport to authorize him to accept reimbursement from MTF, we would still sustain the charge because it does not appear to us that such purported authorization in this case would constitute a valid exception to the general rule of 5 C.F.R. § 2635.202. *Cf.* 5 C.F.R. § 2635.204 (setting forth exceptions to the prohibition for acceptance of certain gifts).

VANTHCS Memorandum No. 05-04 provides in relevant part that "overtime must be requested and approved in advance of work being performed," that supervisors are the requesting officials for overtime, and the Service Chiefs are the approving officials for overtime. ID at 8; IAF, Tab 8 at 234, 242. The administrative judge found, and it appears to be undisputed, that the appellant's supervisor did not specifically approve the overtime in question. ID at 8. The appellant, however, argued that his supervisor gave blanket approval for overtime work as long as it was done outside the Podiatry Section. *Id.* The administrative judge, however, found that no such blanket approval existed, and she sustained the specifications. ID at 9-10.

On petition for review, the appellant appears to contest one of the administrative judge's findings that supported her ultimate conclusion about the blanket approval, i.e., that an individual's overtime is paid for by the service to which he is officially assigned regardless of whether that overtime is performed in a different service. ID at 9. Specifically, the appellant argues that Part III of the agency's Request for and Authorization of Overtime Work form indicates that the service in which the individual is employed receives reimbursement from the service in which the employee renders overtime. PFR File, Tab 1 at 2, 4-5. We have examined Part III of these forms, but we find them to be somewhat ambiguous. Part III seems to show that funds can be transferred from one "time and labor unit" to another within the hospital incidental to overtime worked, but it does not specify the conditions required for this to occur. Nor, as the agency points out, does it indicate that any such transfer actually occurred in this case because Part III of the forms has been left blank. PFR File, Tab 1 at 4-5, Tab 3 at 10 n.1. Furthermore, in reaching her conclusion, the administrative judge also considered the agency's written overtime policy,[5] the credible testimony of the

---

[5] We note that the appellant's supervisor is a Section Chief and not a Service Chief. IAF, Tab 8 at 44. It would therefore appear to be outside her authority under VANTHCS Memorandum No. 05-04 to approve overtime, although she would be an appropriate official to request overtime. IAF, Tab 8 at 242.

appellant's supervisor, and the appellant's recent detail to a non-patient care position. ID at 9-10. Therefore, even if the appellant has identified some evidence on review to support his allegation of blanket overtime approval outside the Podiatry Section, we find that there is still substantial evidence to support the agency's allegation that the overtime at issue was unapproved. *See* 5 C.F.R. § 1201.4(p) (defining "substantial evidence").

Finally, the appellant argues that the administrative judge should not have relied on *Hillen* in assessing his credibility because, unlike the appellant in *Hillen*, he never took a polygraph test. PFR File, Tab 1 at 1. He also appears to argue that the administrative judge impugned his character by applying the *Hillen* factors to his case. *Id.* We disagree. The instant appeal does not involve a polygraph examination, but the holding in *Hillen* still applies, i.e., that to resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version she believes, and explain in detail why she found the chosen version more credible, considering such factors as: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor. *Hillen*, 35 M.S.P.R. at 458. Furthermore, not every *Hillen* factor will necessarily be relevant in every case. For instance, when there is no evidence in the record pertaining to the character of a witness, this will not be a relevant factor for the administrative judge to consider. *See Mithen v. Department of Veterans Affairs*, 122 M.S.P.R. 489, ¶¶ 14-15 (2015), *aff'd*, 652 F. App'x 971 (Fed. Cir. 2016). Like the administrative judge in *Mithen*, the administrative judge in this case does not appear to have noted any pertinent character evidence. Therefore, despite character being listed as a potentially relevant credibility factor under *Hillen*, the

appellant's character does not appear to have factored into the administrative judge's decision.

We have reviewed the remainder of the documentary evidence that the appellant has submitted with his petition, and we find that it is not material to the outcome of the appeal.  PFR File, Tab 1 at 3, 8-10.

<u>We remand the appeal for the administrative judge to provide the parties with an opportunity to present evidence regarding whether the agency's error in reviewing the proposed removal for substantial evidence was harmful.</u>

The agency's deciding official sustained the appellant's removal based on his conclusion that substantial evidence supported Charge 1 and Charge 2.  IAF, Tab 8 at 18.  After the initial decision in this case was issued, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) decided *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1296-1301 (2021), in which it determined that the agency erred by applying a substantial evidence burden of proof to its internal review of a disciplinary action under 38 U.S.C. § 714.  The court found that substantial evidence is the standard of review to be applied by the Board, not the agency.  *Id.* at 1298-1300.  Instead, the agency's deciding official must use a preponderance of the evidence burden of proof to "determine[]" whether "the performance or misconduct . . . warrants" the action at issue.  *Id.* at 1298-1301 (quoting 38 U.S.C. § 714(a)(1)).  The holding in *Rodriguez* applies to all cases pending with the Board, regardless of when the events at issue took place.  *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 22.

The administrative judge and the parties did not have the benefit of *Rodriguez*, and therefore were unable to address its impact on the appeal.  We therefore must remand this case for adjudication of whether the agency's application of the substantial evidence standard of proof was harmful error.  *See Semenov*, 2023 MSPB 16, ¶ 22.  A harmful error is an error by the agency in the application of its procedures that is likely to have caused the agency to reach a

different conclusion from the one it would have reached in the absence or cure of the error. *Id.*, ¶ 23; 5 C.F.R. § 1201.4(r). The appellant bears the burden of proving his affirmative defenses by preponderant evidence. *Semenov*, 2023 MSPB 16, ¶ 23; 5 C.F.R. § 1201.56(b)(2)(i)(C). On remand, the administrative judge shall provide the parties with an opportunity to present evidence and argument, including holding a supplemental hearing, addressing whether the agency's use of the substantial evidence standard in the removal decision constituted harmful error. *Semenov*, 2023 MSPB 16, ¶ 24.

<u>On remand, the administrative judge should apply the *Douglas* factors and review the agency's penalty selection.</u>[6]

The administrative judge found that because the agency proved the charge by substantial evidence, the removal penalty must be affirmed. ID at 17-18. After the initial decision was issued in this case, the Federal Circuit issued its decision in *Connor v. Department of Veterans Affairs*, 8 F.4th 1319 (Fed. Cir. 2021). In *Connor*, the Federal Circuit determined that the agency and the Board must consider and apply the *Douglas* factors in selecting and reviewing the penalty under 38 U.S.C. § 714. *Connor*, 8 F.4th at 1325-26; *see Semenov*, 2023 MSPB 16, ¶¶ 44-50 (stating that, consistent with the Federal Circuit's decision in *Connor*, 8 F.4th at 1325-26, the agency and the Board must apply the *Douglas* factors in reviewing the penalty in an action taken under 38 U.S.C. § 714).

The administrative judge and the parties did not have the benefit of *Connor*, and thus were unable to address its impact on this appeal. Therefore, remand is also required regarding this issue. *Connor*, 8 F.4th at 1326-27. On remand, the administrative judge should permit the parties to submit additional evidence and argument on the penalty issue, to include holding a supplemental hearing on the penalty, if requested. *See Semenov*, 2023 MSPB 16, ¶ 50. In

---

[6] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board provided a nonexhaustive list of factors relevant to penalty determinations.

reviewing the penalty, the administrative judge should determine whether the agency proved by substantial evidence that it properly applied the relevant *Douglas* factors and whether the agency's penalty selection was reasonable and, if not, remand the appellant's removal to the agency for a new removal decision. *Id.* (citing *Connor*, 8 F.4th at 1326-27; *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1375-76, 1379 (Fed. Cir. 2020)). If the appellant does not prevail on the aforementioned affirmative defense on remand, and the administrative judge affirms the agency's choice of penalty, the administrative judge may adopt prior findings concerning the agency's charges and previously adjudicated affirmative defenses in their remand initial decision.[7]

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:      _____
             *Gina K. Grippando*
             Gina K. Grippando
             Clerk of the Board

Washington, D.C.

---

[7] We recognize that the administrative judge who oversaw the proceedings below and issued the initial decision is no longer with the Board. This does not, however, preclude the administrative judge assigned to this case on remand from incorporating the prior administrative judge's findings, where appropriate. *See Lin v. Department of the Air Force*, 2023 MSPB 2, ¶ 24.